UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ORTHOPARTNERS                                        CIVIL ACTION

VERSUS                                               NO. 06-250

WRIGHT MEDICAL TECHNOLOGY, INC.                      SECTION "C" (3)

ORDER AND REASONS

This matter comes before the Court on motion for preliminary injunction filed by OrthoPartners. Having considered the record, the memoranda of counsel and the law, the Court has determined that a preliminary injunction is not available for the following reasons.

The defendant seeks injunctive relief for the defendant's December 17, 2005, termination of a January 2005 Product Development Agreement and Assignment of Intellectual Property Rights ("Agreement") between the OrthoPartners and Wright Medical Technology, Inc. ("Wright") involving the development of a new total knee anthroplasty ("TKA") system for Wright to manufacture, market and distribute. Secton 6.5 of that Agreement provides:

> If Wright should decide to terminate the development of TKA products under this Agreement, it shall pay OrthoPartners the present value of the Royalty attributable to the year preceding the termination of development of TKA Products multiplied by the remaining years of the Term, using the prime rate of interest as published on the anniversary date hereof in the *Wall Street Journal*. Said payment shall be in exchange for all Intellectual Property and inventions developed hereunder.

1

The agreement also contained an alternative dispute resolution provision at Section 13. 1, which provides in pertinent part:

> Failing amicable resolution, disputes or claims arising out of or relating to this Agreement shall be determined by binding arbitration in Memphis, Tennessee, in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in effect.   Either party may initiate the arbitration by written notice to the other setting forth the nature of the dispute with any documentation reasonably necessary to evaluate the dispute.  Except for the purpose of seeking interim provisional injunctive or other equitable relief, or to enforce the provisions of this paragraph, no suit shall be initiated with respect to any dispute or claim arising under or related to this Agreement.

The plaintiff seeks an injunctive enjoining the defendant from terminating insurance provided in the agreement, enjoining the defendant from utilizing "inventions" made by the plaintiff[1], and directing for arbitration in a manner contrary to that set forth in the arbitration clause.[2]

Under Fed. R. Civ. Pro. 65, a preliminary injunction is available only where the mover shows: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest.  <u>Lake Charles Diesel, Inc. v. General Motors Corp.</u>, 328 F.3d 192 (5th Cir. 2003);  <u>Allied Marketing Group, Inc. v. DCL Marketing, Inc.</u>, 878 F.2d 806 (5th Cir. 1989). It is an extraordinary remedy available only if the movant has clearly carried the burden of

---

[1] In addition, the Agreement provided at Section 10.1 that "all information generated under this Agreement" was deemed confidential proprietary information of Wright and, upon termination of the Agreement, "OrthoPartners shall return to Wright all materials embodying confidential information."  The plaintiff signed an Individual Assignment and Agreement assigning its interest in "inventions" to the defendant.

[2] The propriety of venue in this district is one of the subjects of the defendant's motion to dismiss, noticed for hearing on April 26, 2006.

persuasion as to all four factors.  Allied, supra.

Although the arbitration clause at issue does contemplate some injunctive relief outside of arbitration, it does not provide that the contract "shall continue in full force and effect" pending arbitration, as did the arbitration clause examined in RGI, Inc. v. Tucker & Assoc., Inc., 858 F.2d 227 (5th Cir. 1988).  In any event, the termination of the agreement has already occurred, unlike the facts presented in Morrison Home Center v. Hilti, Inc., 1998 WL 397894 (E.D.La.) and Speedee Oil Change, Inc. v. State Street Capital, Inc., 727 F.Supp. 289 (E.D.La. 1989).

The Agreement language provides formidable obstacles to the plaintiff's requisite showing of substantial likelihood of success on the merits.  In addition, and at a minimum, the plaintiff has not articulated an instance of injury which can be deemed "irreparable."  Rather, all of the post-termination alleged damages can be compensated in monetary damages.  "[A] preliminary injunction usually will be denied if it appears that the applicant has an adequate alternate remedy in the form of money damages or other relief."  C. Wright, A. Miller & M. Kane, Federal Practice & Procedure §2948.1, pp. 149-151 (1995).

Accordingly,

IT IS ORDERED that the  for preliminary injunction filed by OrthoPartners is DENIED. (Rec. Doc. 5).

New Orleans, Louisiana, this 5th day of April, 2006.

                                          HELEN G. BERRIGAN
                                          UNITED STATES DISTRICT JUDGE